# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS O. OHAN,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:22-cv-00011-SLG

## ORDER RE: MOTION TO DISMISS

At Docket 6, Defendant has filed a *Motion to (1) Substitute the United States as Defendant, and (2) Dismiss the Complaint*. Defendant's motion seeks to substitute the United States of America as the sole Defendant in this action.[1] Additionally, Defendants move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of Federal Civil Procedure and relies an affidavit of an IRS Advisor and attached IRS Transcript.[2]

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction either by a "facial" or "factual" attack.[3] In a factual attack, a defendant presents evidence outside of the pleadings to demonstrate that

---

[1] Docket 6 at 3. The complaint names Charles Rettig, IRS Commissioner, as the Defendant.

[2] Docket 6 at 4–6.

[3] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

the Court lacks subject matter jurisdiction over the complaint based on the facts of the case.[4] When resolving a factual attack on jurisdiction, a court "need not presume the truthfulness of the plaintiff's allegations."[5] Once a defendant presents a factual attack, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[6] "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."[7]

Here, Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's complaint because Plaintiff has not paid the assessed taxes in full and did not file an administrative refund claim with respect to the penalties that the IRS levied against him. *See* Docket 6 at 4, citing *Flora v. United States*, 357 U.S. 63 (1958).

Accordingly, Plaintiff may submit affidavits or other evidence in order to demonstrate that this Court has subject matter jurisdiction. Local Civil Rule 7.4

---

[4] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

[5] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Wolfe*, 392 F.3d at 362; *Safe Air for Everyone*, 373 F.3d at 1039.

[6] *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

[7] *Leite*, 749 F.3d at 1121 (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)).

requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words.

**IT IS THEREFORE ORDERED:**

1. Defendant's *Motion to Substitute* at Docket 6 is **GRANTED**. The Clerk of Court shall amend the caption as set forth in this order to reflect that United States of America is the sole Defendant in this action.

2. Plaintiff has until on or before **21 days after the date of this order** to serve and file on Defendant any opposition and relevant supporting evidence to Defendant's *Motion to Dismiss the Complaint* at Docket 6.

3. Defendant has until **14 days** after service of the Plaintiff's opposition to serve and file a reply.

DATED this 3rd day of March, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE