# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 3:22-cv-00011-SLG |

## ORDER REGARDING MOTION TO DISMISS

Before the Court at Docket 6 is Defendant United States of America's Motion to (1) Substitute the United States as Defendant, and (2) Dismiss the Complaint. The Court previously granted the motion to substitute defendant.[1] Plaintiff Festus O. Ohan responded in opposition to the motion to dismiss at Docket 8 and filed additional documents at Dockets 9, 11, and 12. Defendant replied at Docket 10.

Defendant asserts that the complaint should be dismissed for lack of subject-matter jurisdiction and for failing to "present sufficient factual allegations to state a plausible claim for relief."[2] Specifically, Defendant contends that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not met two jurisdictional requirements: paying the

---

[1] Docket 7.

[2] Docket 6 at 5.

assessed tax in full and filing an administrative refund claim.[3] Defendant also contends that the complaint does not meet the pleading requirements set forth in *Twombly/Iqbal* because "[a]nyone reviewing the documents and handwritten notes [filed by Plaintiff] would find it impossible to discern Ohan's cause of action."[4]

Plaintiff responds by submitting a marked-up fax cover sheet, miscellaneous documents that appear unrelated to this case, and a copy of pages from the Court's previous order and Defendant's motion to dismiss that are covered in Plaintiff's hand-written annotations.[5] The annotations are often illegible or unintelligible or unrelated to this case.

## I. The complaint does not state a viable claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7] Plaintiff's complaint is not a short and plain statement of his claims and fails to clearly identify each individual claim or the facts giving rise to each claim. Instead, the Complaint consists of a one-

---

[3] Docket 6 at 4.

[4] Docket 6 at 6, n. 5.

[5] Docket 8; *see also* Dockets 9, 11, and 12 (Plaintiff's additional filings).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 2 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 2 of 7

sentence conclusory statement, approximately ten pages of e-mails from Plaintiff to various entities, copies of orders of the United States Tax Court, and a letter from the IRS to Plaintiff.[8]

Defendant has moved to dismiss pursuant to Rule 12(b)(6) because the complaint does not "state a claim upon which relief can be granted."[9] To survive the motion to dismiss, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."[10] A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.[11] In evaluating the motion, the Court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party."[12]

The Court is not required to sift through Plaintiff's e-mails and other documents in search of viable claims.[13] Plaintiff is responsible for clearly stating

---

[8] Docket 1-4.

[9] Docket 6 at 3 (citing Fed. R. Civ. P. 12(b)(6)).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

[12] *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).

[13] *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Defendant interprets the complaint "to request a refund of three federal tax payments: (1) the $1,479.38 overpayment from 2019 that was credited to 2008, (2) the $5,000 'fine' [unpaid penalty] for 2017, and (3) a $1,606 garnishment of Ohan's 2018 Permanent Fund dividend" that was also credited toward taxes owing from 2008. Docket 6 at 3.

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 3 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 3 of 7

his claims in his complaint. As discussed below, the Court's jurisdiction depends on knowing with specificity what Plaintiff is claiming because the Court will need to assess whether Plaintiff's prior communications with the IRS qualify as an administrative claim for a refund as to specific claims.[14] For the foregoing reasons, the Court grants Defendant's motion to dismiss without prejudice to Plaintiff to amend, except as discussed below.

## II. The Court lacks subject matter jurisdiction regarding the $5,000 penalty.

Federal Rule of Civil Procedure 12(b)(1) authorizes a district court to dismiss claims over which it lacks subject-matter jurisdiction. "Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the full amount of the contested penalty assessment . . . and has filed a claim for refund which the IRS has either rejected or not acted upon in six months."[15]

Here, to overcome Defendant's jurisdictional challenge related to the $5,000 penalty claim, Plaintiff must demonstrate that (1) he has paid the penalty and (2) he timely filed a claim for a refund of the penalty payment with the Secretary of the Treasury or the Secretary's delegate. The Court finds that Plaintiff has not shown

---

[14] *See, e.g.*, Docket 11 at 15–18; Docket 12 at 4–8. *Cf. Johnson v. United States*, Case No. 2:19-cv-01561-TLN-JDP, 2021 WL 4480937, at *3 (E.D. Cal. Sept. 30, 2021) and cases cited therein (explaining standards for the sufficiency of an informal claim).

[15] *Thomas v. United States*, 755 F.2d 728 (9th Cir. 1985) (citations omitted).

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 4 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 4 of 7

that he has paid the $5,000 penalty.[16] Thus, the jurisdictional prerequisites were not met, divesting this Court of subject-matter jurisdiction over the $5,000 penalty claim. Plaintiff's claim relating to the $5,000 penalty for 2017 is dismissed with prejudice.

## CONCLUSION

In light of the foregoing, IT IS ORDERED the Motion to Dismiss at Docket 6 is GRANTED with regard to the 2017 $5,000 penalty claim, which is DISMISSED with prejudice. The remainder of the Motion to Dismiss is DISMISSED without prejudice and leave to amend is granted. IT IS THEREFORE ORDERED:

1. Plaintiff has until **May 31, 2022**, to file one of the following:

    a. Amended Complaint, in which Plaintiff shall restate some or all of his claims after correcting each of the deficiencies in accordance

---

[16] The Court previously informed Plaintiff that it was his burden to show that the Court has subject-matter jurisdiction and directed Plaintiff to "submit affidavits or other evidence to demonstrate that this Court has subject matter jurisdiction." Docket 7 at 2. Plaintiff has not done so.

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 5 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 5 of 7

with this order. An amended complaint would replace the current complaint in its entirety; OR

   b. Notice of Voluntary Dismissal, which would inform the Court that Plaintiff no longer wishes to pursue his lawsuit and will result in the dismissal of the entire action.

2. Any Amended Complaint should be on this Court's form, which is being provided to Plaintiff with this Order. As discussed above, an amended complaint will replace the prior complaint in its entirety. An amended complaint must include all of the claims Plaintiff seeks to bring. Any claims not included in the amended complaint will be considered waived.

3. If Plaintiff does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court form by **May 31, 2022**, this case will be DISMISSED WITH PREJUDICE.

4. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 6 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 6 of 7

5. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 2nd day of May, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00011-SLG, *Ohan v. United States*
Order Re Motion to Dismiss
Page 7 of 7
Case 3:22-cv-00011-SLG   Document 16   Filed 05/02/22   Page 7 of 7